FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 28, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CINDY DAVES, individually,

Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY, a foreign insurance company,

Defendants.

No. 4:26-cv-05088-MKD

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT

**ECF No. 10**

On August 26, 2026, the Court held a hearing on Plaintiff's Motion to Remand to State Court, ECF No. 10. Aaron Naff represented Plaintiff. Galina Jakobson and Luisa Taddeo represented Defendant. The Court has reviewed the motions and the record, has heard from counsel, and is fully informed.

For the reasons stated on the record and below, the Court grants Plaintiff's Motion to Remand to State Court, ECF No. 10.

28 U.S.C. § 1446 provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year ***after commencement of the action***, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c) (emphasis added).

"A state's own laws and rules of procedure determine when a dispute may be deemed a cognizable legal action in state court." *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005). "In most states this occurs either when the suit is filed or when the complaint or summons is served." *Id.* (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 351-52 (1999)). Washington Superior Court Civil Rule 3 provides that "a civil action is commenced by service of a copy

of a summons together with a copy of a complaint, as provided in rule 4 or by filing a complaint."

Plaintiff filed her Complaint in Walla Walla County Superior Cout on June 6, 2025. Thus, this action commenced on June 6, 2025, and, as detailed on the record, the Court does not find that Plaintiff "acted in bad faith in order to prevent" Defendant from removing this action. Accordingly, the Court grants Plaintiff's motion to remand. The Court denies attorney's fees, as the case law regarding what qualifies as bad faith did not clearly foreclose Defendant's argument. *See Kolova v. Allstate Ins. Co.*, 438 F. Supp. 3d 1192, 1198 (W.D. Wash. 2020) ("The Ninth Circuit has found removal objectively unreasonable when the relevant case law clearly foreclosed the defendant's attempted removal." (cleaned up)).

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand to State Court, **ECF No. 10**, is **GRANTED.**

2. Plaintiff's Request for Attorney's Fees is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to (1) enter this Order; (2) provide copies to the parties; **(3) REMAND this matter to the Walla Walla County Superior Court, and (4) CLOSE the file.**

DATED August 28, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE